UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05355-WLH-AJRx | Date | Sept. 30, 2024 |
| Title | Shakhbazyan v. BMW Financial Services NA, LLC | | |
| Present: The Honorable | WESLEY L. HSU, United States District Judge | | |

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**  **ORDER RE PLAINTIFF ARUTYUN ARMENAKOVI SHAKHBAZYAN'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [12]**

On July 25, 2024, Plaintiff Arutyun Shakhbazyan ("Plaintiff") filed a Motion to Remand to the Superior Court of California (Mot. to Remand, Docket No. 12).  On September 12, 2024, Defendant BMW Financial Services NA, LLC ("BMW FS" or "Defendants") filed its Opposition.  (Opp'n, Docket No. 18).  On September 19, 2024, Plaintiff filed a Reply.  (Reply, Docket No. 20).  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter.  (*See* Standing Order, Docket No. 7 at 16).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 4, 2024, is vacated and the matter taken off calendar.  For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

## I.  BACKGROUND

### a.  Factual Background

Plaintiff alleges that, on February 26, 2021, he entered into a Lease Agreement with a SAI Monrovia B, Inc. ("SAI"), a BMW dealership located in Monrovia, CA for a 2020 BMW M8 Convertible (the "Subject Vehicle").  (Compl. ¶¶ 3, 14–21, Docket 1-1). The terms of the lease were devised and drafted by BMW FS.  (*Id*. ¶ 22).  On January 31, 2022, the Subject Vehicle was involved in an accident, and GEICO General Company ("GEICO"), Plaintiff's insurance carrier, deemed the Subject Vehicle a total loss.  (*Id*. ¶ 25).  On July 21, 2023, GEICO determined the insurance payout was $133,417.49, which was $16,993.44 more than the Adjusted Lease Balance due under the Lease Agreement.  (*Id*. ¶¶ 26–28).  Plaintiff alleges that BMW FS wrongfully collected the full total loss amount from GEICO and failed to remit the alleged "equity"—*i.e*., the difference between the total loss amount and the Adjusted Lease Balance—Plaintiff was entitled to recover.  (*Id*. ¶¶ 29–39).

### b.  Procedural Background

On December 14, 2023, Plaintiff, a California Resident, filed a Complaint against BMW FS, a Delaware Limited Liability Company, and SAI, a California corporation, asserting claims for: (1) fraud and deceit; (2) breach of implied covenant of good faith and fair dealing; (3) violation of Business and Professions Code §§ 17200, et seq.; (4) violation of Business and Professions Code §§ 17500, et seq.; and (5) violation of the California Consumer Legal Remedies Act.  (Compl. ¶¶ 57–138).  Plaintiff expressly requested, *inter alia*, $170,555.23 in damages—which included actual damages of $16,993.44, punitive damages of $152,940.96, and cost of $620.83—as well as attorneys' fees at a rate of $750.00 per hour.  (*Id*. at 35; Plaintiff's Statement of Damages at 2, Docket No. 1-1 at 73).  On May 31, 2024, Plaintiff voluntarily requested that SAI be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

dismissed from the instant action, making the case removable.  (Exh. F, Docket No. 1-6).
On June 25, 2024, BMW FS filed a Notice of Removal, claiming that the Court had
diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Plaintiff contends that they learned, after filing their original Complaint, that the
facts did not support a fraud and deceit claim or a request for punitive damages.
(Memorandum of Points and Authorities in Support of Mot. to Remand, "Mot. to
Remand Support," Docket No. 12-2 at 10).  Subsequently, on July 25, 2024, Plaintiff
filed a Request to Dismiss Cause of Action for Fraud and Deceit Without Prejudice and
Strike Punitive Damages, (Docket No. 11), which this Court granted on September 12,
2024.  (Docket No. 19).

### II. ANALYSIS

   A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the
action are citizens of different states and the amount in controversy exceeds $75,000.  28
U.S.C. § 1332(a).  The defendant removing the case to federal court bears the burden of
establishing the jurisdictional facts.  *Abrego Abrego v. The Dow Chem. Co*., 443 F.3d 676,
682–83 (9th Cir. 2006).  Courts must "strictly construe the removal statute against removal
jurisdiction," and any doubt about the right of removal is resolved in favor of remand.  *See
Gaus v. Miles, Inc*., 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors
Acceptance Corp*., 298 U.S. 178, 189 (1936)).  It is undisputed that the parties are
completely diverse.  Plaintiff instead contests that the amount in controversy is not met
because "Plaintiff's realistic amount of recovery in this action for damages is $16,993.44"
now that Plaintiff has dismissed the fraud and deceit claim and removed punitive damages
from his prayer for relief.  (Mot. to Remand Support" at 12; Docket No. 11).  The Court
disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

"[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). This includes punitive damages and attorneys' fees. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). If the complaint affirmatively demands an amount in controversy greater than $75,000, the jurisdictional threshold is "presumptively satisfied" and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" unless "from the *face of the pleadings*, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . ." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (emphasis added).

Here, because Plaintiff's Complaint that existed at the time of removal explicitly sought $170,555.23 in damages (Compl. at 35; Plaintiff's Statement of Damages at 2), the amount-in-controversy was "presumptively satisfied." Even if Plaintiff has subsequently dismissed the fraud and deceit cause of action and removed punitive damages from his prayer for relief, Plaintiff's post-removal amendments are irrelevant for the purpose of determining whether removal is proper. *See Chavez*, 888 F.3d at 414 ("Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction."). There is no indication that Plaintiff's initial claim for fraud and deceit or request for punitive damages were not made in good faith. This compels the Court to conclude that it has diversity jurisdiction and BMW FS properly removed this action.

To the extent Plaintiff has now determined that he does not wish to pursue any claim that would cause this action to meet the amount-in-controversy threshold for this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Court's jurisdiction, he may seek to dismiss and re-file a more limited complaint in state court, to the extent that course of action remains available to him.

Alternatively, the Court **ORDERS** the parties to meet and confer about stipulating to a cap on Plaintiff's recovery and to remanding this action.  By 30 days from now, the parties must file a Stipulation and Order to that effect, or a Joint Report explaining the status of a trial in this matter.

### III.     CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Remand is **DENIED**.


IT IS SO ORDERED.

---